# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50860
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CARLOS LORENZO CHACON-ARVISO, also known as Carlos Chacon-Arviso,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-647-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Carlos Lorenzo Chacon-Arviso challenges the substantive reasonableness of his 60-month sentence, imposed after he pleaded guilty to illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326. Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Chacon does not claim procedural error.  Instead, he challenges only the substantive reasonableness of his sentence.

And, because he did not raise in district court the issues presented here, review is only for plain error.  *E.g., United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Under that standard, he must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*  (Chacon maintains he was not required to object regarding the substantive reasonableness of his sentence but acknowledges our precedent required an objection.  He makes this assertion to preserve it for possible future review.)

Chacon contends his sentence is substantively unreasonable because it is greater than necessary to achieve the § 3553(a) sentencing goals, such as claiming illegal reentry is merely "an international trespass" and the sentence "fails to properly reflect Chacon's personal history and characteristics".  As in this instance, sentences within the properly calculated advisory Guideline sentencing range are presumed reasonable. *E.g., United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Chacon claims this presumption should not apply, maintaining the illegal-reentry Guidelines lack an empirical basis.  He acknowledges his contention is foreclosed by our precedent, *e.g., United States v. Mondragon-*

*Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009), but raises it to preserve it for possible future review.  Chacon's claim otherwise amounts to disagreeing with the court's assessment of the § 3553(a) sentencing factors; therefore, he fails to rebut the presumption of reasonableness.  *See, e.g., United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.